JIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A TRAWICK,<br><br>    Plaintiff,<br><br>  v.<br><br>JULIE SU, in her official capacity as Acting Secretary, U.S. Department of Labor; JUAN CORIA, FRANK MCGRIGGS, MICHAEL LAZZERI, KAREN GARNETT-CIVILS, CHRISTOPHER O. BINDA, MATTHEW P. UTLEY, TIMOLIN E. MITCHELL, LISA KELLY, JASON COKER, JAMIE BENEFIEL, RICHARD BLAYLOCK, AUDREY HALL, VILMA BELL, WILDALY DEJESUS, TONYA GRIFFIN, DEAUNDREA MCKINNIS, DIANE PERSAD, REED TRONE, US ATTORNEY, and US ATTORNEY GENERAL,<br><br>    Defendants. | 8:23CV432<br><br>**ORDER** |

  This matter is before the Court on plaintiff Mark A Trawick's ("Trawick") Motion to Dismiss Named Defendants Without Prejudice (Filing No. 29). Trawick, a former Wage and Hour Investigator in the United States Department of Labor ("Department") Wage and Hour Division, brings official-capacity claims against his former employer and several of its employees (Filing No. 1). More specifically, he alleges "unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964" ("Title VII") and unlawful discrimination in violation of Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA").

  Without much explanation, Trawick asks the Court for an order dismissing defendants Juan Coria, Frank McGriggs, Michael Lazzeri, Karen Garnett-Civils, Christopher O. Binda, Matthew P. Utley, Timolin E. Mitchell, Lisa Kelly, Reed Trone,

Jason Coker, Jamie Benefiel, Richard Blaylock, Audrey Hall, Vilma Bell, Wildaly DeJesus, Tonya Griffin, DeAundrea McKinnis, and Diane Persad (collectively, (the "dismissal defendants") from this case without prejudice. Trawick gives no statutory or procedural basis for his motion and has neither filed a brief in support of his motion, nor otherwise explained the reason for his request. From the docket sheet, it appears summons were issued for each of the dismissal defendants, but none have been returned as executed.

Although Trawick calls his filing a "motion" and requests a dismissal order, the Court finds that, in the circumstances of this case, it is more naturally construed as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). That rule generally permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "The plaintiff may dismiss either some or all of the defendants—or some or all of his claims—through a Rule 41(a)(1) notice." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 962 (8th Cir. 2007); *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966).

The rule generally "permits dismissal as of right." *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990). Such dismissal "is without prejudice unless the plaintiff has previously dismissed an action including the same claim in any other court." *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996). The plaintiff's "notice is self-executing and case-terminating." *United States v. UCB, Inc.*, 970 F.3d 835, 849 (7th Cir. 2020). Dismissal under Rule 41(a)(1)(A)(i) "requires only notice to the court, not a motion, and permission or order of court is not required." *Safeguard*, 907 F.2d at 863. "It does not matter" if the plaintiff labels his filing as 'a "motion' rather than a 'notice.'" *UCB, Inc.*, 970 F.3d at 850; *accord Ventura-Vera v. Dewitt*, 417 F. App'x 591, 591-92 (8th Cir. 2011) (concluding the plaintiff's "'motion to dismiss' was effectively a notice of dismissal").

Here, Trawick's filing has all the earmarks of a notice of voluntary dismissal. To date, there has been no answer or motion for summary judgment in this case, and the Court

sees nothing to suggest Trawick has previously dismissed this claim in another court. Under Rule 41(a)(1)(A)(i), Trawick has a right to dismiss the dismissal defendants without prejudice. See *Williams*, 82 F.3d at 272.

Some of the defendants state they do not oppose dismissal but contend dismissal should be with prejudice because the dismissal defendants are not proper parties to Trawick's Title VII and ADEA claims (Filing No. 30).[1] Yet none of their arguments call into question Trawick's right to voluntarily dismiss the dismissal defendants under Rule 41(a)(1)(A)(i).

Based on the foregoing, the Court construes Trawick's motion as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). Pursuant to that notice, defendants Juan Coria, Frank McGriggs, Michael Lazzeri, Karen Garnett-Civils, Christopher O. Binda, Matthew P. Utley, Timolin E. Mitchell, Lisa Kelly, Reed Trone, Jason Coker, Jamie Benefiel, Richard Blaylock, Audrey Hall, Vilma Bell, Wildaly Dejesus, Tonya Griffin, DeAundrea McKinnis and Diane Persad are dismissed without prejudice.

IT IS SO ORDERED.

Dated this 22nd day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] Nineteen of the twenty-one defendants originally named in this case— Julie Su, in her official capacity as Acting Secretary of the Department ("Secretary"), and the dismissal defendants—have filed a brief regarding Trawick's motion. The Court notes that, unlike the Secretary, none of the dismissal defendants has been served in this case. It is not clear from the record that they intend to waive service or formally enter an appearance for the limited purpose of making sure their dismissal is with prejudice.