# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MARK A TRAWICK,**<br><br>　　　　　　**Plaintiff,**<br><br>　　vs.<br><br>**JULIE SU, in her official capacity as Acting Secretary, U.S. Department of Labor,**<br><br>　　　　　　**Defendant.** | **8:23CV432**<br><br>**SECOND AMENDED CASE PROGRESSION ORDER** |

　　　　This matter comes before the Court on the Motion to Amend Case Progression Order (Filing No. 50).  After review of the parties' motion, the Court finds good cause to grant the requested extensions.  Accordingly,

　　**IT IS ORDERED** that the Motion to Amend Case Progression Order (Filing No. 50) is granted, and the amended case progression order is amended as follows:

1)　Experts:

　　a.　The deadline for defendant to identify expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), remains **January 28, 2025**.

　　b.　The deadlines for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), remain:

　　　　For the plaintiff:　　**January 28, 2025**
　　　　For the defendant:　　**March 6, 2025**

　　c.　The deadline for filing motions to exclude testimony on *Daubert* and related grounds remains **March 31, 2026**.

2)　The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is extended to **May 30, 2025**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **June 13, 2025**.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

3) The planning conference set for April 30, 2025, is cancelled. The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **June 25, 2025**, at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **June 30, 2025**.

5) The deadline for filing motions to dismiss and motions for summary judgment is **December 5, 2025**.

6) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

7) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 17th day of January, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge