IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A. TRAWICK,<br><br>Plaintiff,<br><br>v.<br><br>KEITH E. SONDERLING, Acting Secretary of the Department of Labor;<br><br>Defendant. | **8:23CV432**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a Motion for Summary Judgment (Filing No. 88) filed by Keith E. Sonderling, Acting Secretary of the United States Department of Labor (respectively, the "Secretary" and the "Department"). *See* Fed. R. Civ. P. 56. He also moves (Filing No. 119) the Court to strike or disregard plaintiff Mark A. Trawick's ("Trawick") Amended/Corrected Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment (Filing No. 116). *See* NECivR 7.1, 56.1. Trawick opposes both motions (Filing Nos. 94, 120). For the reasons below, the Secretary's motion to strike or disregard is denied; his motion for summary judgment is granted. This case is dismissed with prejudice.

## I. BACKGROUND

Trawick states he "is Caucasian, his color is White, his national origin is Hispanic, his sex is male, and he was born in 1968." In 2009, he joined the Department as a Wage and Hour Investigator in Bowling Green, Kentucky, which is in the Louisville District Office. Karen Garnett Civils ("Garnett Civils"), who served first as Assistant District Director of the Wage and Hour Division in the Louisville District Office and later as the District Director, directly or indirectly supervised Trawick between 2009 and November 2017, when he resigned (Filing No. 90).

Garnett Civils was the reviewing official for Trawick's 2017 Performance Management Plan ("PMP") for the October 3, 2016, to November 30, 2017, appraisal cycle. Trawick received an overall performance rating of "minimally satisfactory" for 2017. Of five critical performance elements, he was rated as needing to improve four of them: (1) quality performance, (2) case inventory management, (3) effective time utilization, and (4) internal and external customer service, professionalism, communication, and teamwork.

Trawick also received a "minimally satisfactory" rating for his 2016 PMP. Garnett Civils had concerns about Trawick's performance, including a serious miscalculation of back wages in one of his investigations. "Garnett Civils believed success in the Wage and Hour Investigator role required the ability to learn, self-manage, and critically analyze cases to move investigations from initiation to completion." She didn't think Trawick fit that mold. Instead, "Trawick had difficulty managing his caseload, took extended time to complete investigations, charged excessive hours relative to work performed, failed to consistently apply applicable law and policy, failed to fully analyze statutory coverage and exemptions, and did not adhere to supervisory deadlines."

Trawick disputes Garnett Civils's characterization of his work. He notes he generally received ratings of "effective," "satisfactory," or higher before 2016 when he began reporting to Matthew Utley ("Utley"), who Garnett Civils had chosen instead of Trawick to be Assistant Director. Trawick also ties his 2017 performance rating to his filing of an Equal Employment Opportunity Commission ("EEOC") complaint related to that hiring decision.[1]

---

[1]Garnett Civils was aware of that complaint at all relevant times in this case and later learned that Trawick represented another Department employee at a Merit System Protection Board ("MSPB") hearing in April 2019.

Trawick refused to sign his 2017 PMP and resigned in November 2017. His EEOC complaint did not resolve until 2021. The EEOC case he assisted with was decided in the employee's favor by bench decision on February 27, 2026.

In 2022, Trawick applied for four different vacancies within the Department, but he was not rehired. For two positions, Trawick did not qualify because he did not meet the veteran's preference. For another, Trawick and two others passed through the initial qualification review, but Garnett Civils did not interview any of them. She testified she did not interview or hire Trawick because of his past performance problems. The position was not filled or reposted. For the last position at issue, Trawick and twenty-one others made it through initial review. Of those, Garnett Civils selected three candidates to interview—Trawick was not among them. Garnett Civils again rejected him based on his prior performance. She eventually filled that position with a woman who did not have Trawick's experience.

Trawick contends his protected characteristics and prior EEOC activity played a part in (1) how the positions were posted, (2) which candidates received interviews, and (3) why he was not selected. He claims the Secretary has failed to establish that the Department's process to select candidates to interview was neutral. Garnett Civils denies considering Trawick's "race, color, national origin, sex, age, and prior EEO activity when" making her hiring decisions.

On October 2, 2023, Trawick sued the Secretary and several other Department employees (Filing No. 1). He later voluntarily dismissed most of the defendants and some of his non-selection claims (Filing Nos. 29, 32, 73).

With leave (Filing Nos. 84, 85), Trawick amended his complaint on February 10, 2026 (Filing No. 86), asserting two causes of action against the Secretary. First, he alleges the Secretary unlawfully retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Second, he alleges the Secretary

discriminated against him in violation of Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

A month later, the Secretary moved for summary judgment on both claims (Filing No. 88). Trawick's original statement of facts (Filing No. 95) in response to the Secretary's motion did not comply with the Nebraska Civil Rules. After the Secretary replied (Filing Nos. 112, 114), Trawick filed an Amended/Corrected Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment (Filing No. 116). The Secretary has moved to strike (Filing No. 119) that response as improper and unfair.

## II. DISCUSSION

### A. Motion to Strike or Disregard

Relying on Nebraska Civil Rule 56.1(b)(3), the Secretary contends the Court should strike or disregard Trawick's amended response because he never sought leave to file it, and "[t]he local rules do not permit that unilateral supplemental filing." *See also* NECivR 7.1(c)(3). The Secretary points out that Trawick filed his amended response "after the summary-judgment opposition deadline had passed and after" the Secretary filed his reply. The Secretary objects that Trawick's response undermines "the orderly process established by Rules 7.1 and 56.1" and "substantively alters and expands the record without leave of court."

In response, Trawick urges the Court to deny the motion. Calling his abject failure to timely follow longstanding local rules a mere "procedural oversight," Trawick asserts this Court and the Eighth Circuit frequently "treat correction of counsel's procedural oversights as a legitimate basis to supplement under the good-cause standard." In his view, his amended statement of facts fixes a formatting mistake and his new facts "formalize arguments already made and already in the record." He contends the Secretary has "suffered no prejudice" because he "addressed every underlying proposition in [his] Reply."

The Secretary's criticisms of Trawick's amended response are not without merit. The Court is not as quick to forgive Trawick's counsel's ignorance and initial disregard of the local rules as he is. Counsel mentions good cause but makes no real effort to show it. And he plays with fire when he summarily urges the Court not to punish the plaintiff for his counsel's error. "It is a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel." *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001); *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("A litigant chooses counsel at his peril.").

But Trawick's counsel does get one thing right. It is up to the Court to enforce Rule 56.1. Subsection (e) clarifies that if a party fails to comply with the rule, "the court may require immediate compliance or provide any other relief that the court deems appropriate." The rule specifically prohibits an opposing party from filing "a motion to strike based on alleged noncompliance with this rule." For that reason, the Secretary's motion to strike or disregard is denied.

While the Court does not excuse Trawick's failure to follow the local rules, it also sees no compelling reason at this point for the Court or the parties to waste additional time and resources on this issue. For the record, the Court has used Trawick's amended response as needed in conjunction with the rest of the record to get a full picture of the pertinent issues on summary judgment. That is enough. Additional briefing and further relief are unnecessary in these circumstances.

## B. Motion for Summary Judgment

### 1. Standard of Review

On a motion for summary judgment, the Court views genuinely disputed material facts "in the light most favorable to the nonmoving party," *Jones v. Wellpath, LLC*, 77 F.4th 658, 663 (8th Cir. 2023) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)), and draws all reasonable inferences in their favor, *see Thomas v. Corwin*, 483 F.3d 516, 526 (8th Cir. 2007). Summary judgment is required "if

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To do that, the Secretary must inform the Court of the basis for his motion and identify those parts of the record that he thinks demonstrate the lack of a genuine dispute for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (explaining "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses"). If he succeeds, Trawick "cannot simply rest on the allegations in [his] complaint." *Sherman v. Collins*, 158 F.4th 904, 907 (8th Cir. 2025). He "must offer 'evidentiary materials that set out specific facts'" demonstrating a genuine dispute of material fact for trial. *Id.* (quoting *Torgerson*, 643 F.3d at 1042).

**2. Discrimination**

Trawick alleges race and national origin discrimination under Title VII and age discrimination under the ADEA (Filing No. 94). *See Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 305 (2025) ("Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin."); 42 U.S.C. § 2000e–2(a)(1). *Minn. Telecom All. v. FCC*, 175 F.4th 905, 922 (8th Cir. 2026) (noting Title VII and the ADEA both prohibit "intentional discrimination"). For those claims, "'the ultimate question'" is "whether 'the defendant intentionally discriminated against the plaintiff.'" *Ames*, 605 U.S. at 308 (alteration omitted) (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)); *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996) ("The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age.").

Trawick concedes that the well-known burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), generally applies to his claims but asserts

> the record contains one item approaching direct evidence: Garnett-Civils's sworn MSPB admission that she passed an African American investigator

> (Matthew Jackson) on a performance element she privately believed he had failed, stating "You better shut up because you should have failed but I passed you anyway," and confirming: "Yes, I did it. So what?"

(Filing No. 94.) In Trawick's view, "That admission — by the identical decision-maker who gave Trawick 'Minimally Satisfactory' ratings later used as a permanent employment bar — constitutes at minimum very strong circumstantial evidence of differential application of performance standards."

The Court is not convinced that the cited statement—even if made—qualifies as direct evidence of unlawful discrimination. "Direct evidence of discrimination 'is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012); *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004) (explaining the adjective "'direct' refers to the causal strength of the proof, not whether it is 'circumstantial' evidence"). It "does not include statements by decisionmakers that are facially and contextually neutral." *Torgerson*, 643 F.3d at 1045.

Making no effort to show any similarity to the named employee or in their circumstances, Trawick vaguely speculates that race (or national origin) played a part in what he sees as "differential application of performance standards." But he fails to establish any link between any of his protected characteristics and Garnett Civils's actions and "lacks evidence that clearly points to the presence of an illegal motive." *Griffith*, 387 F.3d at 736 (finding "the requisite causal link between remarks reflecting racial . . . bias and actions taken against" the plaintiff were lacking where he "presented no evidence that" any "decisionmaker ever uttered a single negative racial remark about [his] Hispanic background"). That means he can only "avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Griffith*, 387 F.3d at 736. He fails to do that.

Trawick first fails to adduce sufficient evidence to "make a prima facie showing that the [Secretary] acted with a discriminatory motive." *Ames*, 605 U.S. at 306. Trawick says almost nothing about age, baldly asserting "[t]he selecting official demonstrated a documented pattern of targeting white males over 40." He also claims a non-decisionmaker "made age-referencing comments in the workplace context"—saying they were both old. But he does not tie his age to any adverse employment action. *Cf. Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) ("Whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome."); *Woods v. Collins*, 150 F.4th 967, 971-72 (8th Cir. 2025).

As for Title VII, Trawick again opines that "Garnett-Civils admitted to racially differential performance evaluation" by excusing poor performance by an African American employee while holding Trawick's poor performance against him. But Garnett Civils's purported statement lacks any of the racially discriminatory undertone that Trawick reads into it. He unsuccessfully tries to fill that void with the findings from a separate EEOC decision in which the adjudicator questioned the credibility of some of Garnett Civils's statements on what Trawick calls "performance-based justifications for non-selection."

According to Trawick, those findings are "admissible as other-acts evidence under FRE 404(b)(2) to prove Garnett-Civils's motive, intent, pattern, and absence of mistake. It is additionally admissible as a public record under FRE 803(8)(A)(iii)." The argument is unavailing. And Trawick's heavy reliance on that decision is misplaced. "The essential question in this case is why [Garnett Civils] treated [Trawick] the way she allegedly did," not what some other person thinks she might have done in a separate case. *Sherman*, 158 F.4th at 907.

Even if the Court were to assume Trawick could establish a prima facie case of discrimination, he fails to adduce sufficient evidence to create a triable issue on pretext.

*See Pilot v. Duffy*, 143 F.4th 924, 929 (8th Cir. 2025). The Secretary asserts two legitimate, nondiscriminatory reasons for not selecting Trawick for each of the four positions: his inability to qualify for a veteran's preference and his poor past performance. *See* 42 U.S.C. § 2000e-11 ("Nothing contained in this subchapter shall be construed to repeal or modify any Federal, State, territorial, or local law creating special rights or preference for veterans.").

To establish pretext, Trawick must show "*both* that [the Secretary's reasons were] false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis in original); *Dobbins v. Rollins*, 179 F.4th 618, 623 (8th Cir. 2026) (explaining an employee can show "a genuine dispute that 'discrimination was the real reason' for her termination" by showing her employer's "legitimate, nondiscriminatory reason for firing her has no basis in fact or that it is more likely that a prohibited reason motivated its decision" (quoting *Huber v. Westar Foods, Inc.*, 139 F.4th 615, 625 (8th Cir. 2025) (en banc))). He fails.

In addition to the purported "credibility" and "quality" issues Trawick attempts to inject wholesale from other proceedings, he challenges the neutrality and independence of his performance ratings. First, he points out that "'Minimally Satisfactory' is not a failing rating by definition." He also emphasizes that his bad reviews related to higher-level jobs than the ones at issue here. In his view, his unsatisfactory reviews for higher-level jobs bear "no rational relationship to the requirements of the advertised job and is, itself, circumstantial evidence of pretext." He also challenges the veteran preference, asserting that "[t]he record is silent on whether the decision to post these positions under competitive examining procedures rather than direct hire or other authorities [the Department] regularly uses was made neutrally."

That silence works against him, not for him. It is his burden to show that the Secretary's stated reasons for not hiring him are not only false but were also just pretext for unlawful discrimination. *See St. Mary's*, 509 U.S. at 515. The bulk of his criticisms

go to the practical wisdom of Garnett Civils's decisions; they do not provide probative evidence of a discriminatory motive. *See Sherman*, 158 F.4th at 907 (starting "with the principle that the law does not authorize courts to sit as super-personnel departments reviewing the wisdom or general fairness of an employer's actions against an employee").

Even if a reasonable jury could find some value in Trawick's criticisms of certain aspects of the Department's hiring process, he offers nothing that would let that jury reasonably conclude that unlawful discrimination based on his race, national origin, and age were the real reasons he was not hired. *See St. Mary's*, 509 U.S. at 515; *Dobbins*, 179 F.4th at 623 (concluding the employee did not show that her employer's legitimate concern about her poor work habits "was mere pretext for discrimination"); *Pilot*, 143 F.4th at 930 (reiterating "the relevant question is not whether the employer made the wrong choice; it is whether that choice was motivated by unlawful discrimination"). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas*, 483 F.3d at 527.

**3. Retaliation**

Trawick's retaliation claims fare no better. *See Gibson v. Concrete Equip. Co.*, 960 F.3d 1057, 1064 (8th Cir. 2020) (applying the *McDonnell Douglas* burden-shifting framework in the absence of direct evidence of retaliation). He again fails to present sufficient evidence to create a genuine dispute of material fact as to causation and pretext. *See id.* at 1064-65.

Trawick points out that Garnett Civils was aware of his prior EEOC activity when she decided not to hire him, and he denies that any temporal gap between his activity and her decision defeats causation. Yet he "fails to demonstrate" any causal "link between" any protected activity and her decision. *Wood v. SatCom Mktg., LLC*, 705 F.3d 823, 828 (8th Cir. 2013). Put simply, he "merely speculates that a causal relationship exists without demonstrating why a reasonable jury could agree." *Sherman*, 158 F.4th at 909. The EEOC's adjudication of another case does not suffice.

Garnett Civils has steadfastly denied any retaliatory motive, citing Trawick's poor performance as the basis for her decisions. Though unwilling to accept that explanation, Trawick fails to adduce enough evidence to create a genuine dispute as to whether Garnett Civils's stated reason was pretextual or to create "a reasonable inference that" she "acted in retaliation." *Gibson*, 960 F.3d at 1064-65. That failure is fatal to his retaliation claims.

In light of the foregoing,

IT IS ORDERED:

1. Acting Secretary of the Department of Labor Keith E. Sonderling's Motion to Strike or Disregard plaintiff Mark A. Trawick's Amended/Corrected Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment (Filing No. 119) is denied.
2. The Secretary's Motion for Summary Judgment (Filing No. 88) is granted.
3. This case is dismissed.
4. A separate judgment will issue.

Dated this 31st day of July 2026.

BY THE COURT:



Robert F. Rossiter, Jr.
United States District Judge